**MACLEAN, Plaintiff-Appellant, v. J. S. MACLEAN COMPANY et, Defendants-Appellees.**

No. 5240.   Decided April 6, 1955.

**OPINION**

By THE COURT.

We have given further consideration to the motion submitted by the appellees and not that we failed to give consideration to the jurisdiction of the Probate Court. If as contended by the appellant the primary relief

sought was equitable, and if such were correct, then the Probate Court would not have had jurisdiction in the first instance, as it does not have general equitable power. Sec. 2101.24 R. C. In the case of **In re Estate of Dickey, 87 Oh Ap 225, at page 264,** Wiseman, J., says:

"The Probate Court does not have general equity powers conferred upon it under that section. That section gives the Probate Court, in matters within its jurisdiction, the authority to exercise equity powers in disposing of matters where there is no legal remedy or where the legal remedy is inadequate. Equity follows the law, and cannot be invoked to destroy or supplant a legal right."

It will be noted that the cases relied upon by the appellant and cited by the Court in its original opinion were cases which originated in the Common Pleas Court which does possess general equitable powers. We therefore conclude that the only question properly before the Probate Court was one of law and therefore the appeal on questions of law and fact may not be maintained.

The motion will be sustained, the appeal on law and fact will be dismissed and the case retained for determination on questions of law only. The appellant will be granted leave to perfect said appeal in accordance with Rule VII of this Court.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.